Filed 1/22/21  P. v. Rickborn CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHELLE THAIS RICKBORN,<br><br>    Defendant and Appellant. | B303536<br><br>(Los Angeles County<br>Super. Ct. No. SA097871) |

THE COURT:

Michelle Rickborn appeals the judgment of conviction following a jury trial on one count of assault with a deadly weapon.  (Pen. Code,[1] § 245, subd. (a)(1).)  She was sentenced to the low term of two years in state prison and assessed various fines and fees.  We appointed counsel to represent appellant on appeal.  After examination of the record, counsel filed an opening

---

[1] Undesignated statutory references are to the Penal Code.

brief raising no issues and asking this court to independently review the record.

## BACKGROUND

On April 20, 2018, around 11:30 p.m., appellant walked into a CVS pharmacy in Santa Monica, placed her personal belongings into a shopping cart, and proceeded to purchase a bottle of vodka. Michael McCann, who was working security at the store that night, observed appellant make her purchase, leave the store, and cross the parking lot with the shopping cart. Believing appellant to be homeless and concerned she might try to take the shopping cart off the premises, McCann followed her and told her she could not take the shopping cart off the lot. Appellant adopted an "attitude" and urinated in front of McCann. McCann took the cart and returned to the front of the store. Appellant followed him and took another cart. When McCann told appellant to give him the basket and leave the store, appellant hit him on the crown of his head with the bottle of vodka. McCann grabbed appellant, subdued her, and set her down. As he was speaking to his manager in front of the store, appellant approached with her hand behind her back. McCann again told appellant to leave, and appellant brought her hand from behind her back and tried to stab McCann with a broken bottle. Appellant did not actually strike McCann with the broken glass, nor did McCann suffer any injury when appellant struck him on the head with the bottle.

Appellant testified that after McCann took the cart away from her, she went to the bus stop where the bottle of vodka fell to the ground and broke. Appellant returned to the CVS and purchased another bottle of vodka. When appellant left the store the second time, McCann aggressively pursued her across the

2

parking lot, screaming at her and smacked a water bottle out of her hands.  Feeling threatened, appellant tried to strike McCann over the head with the vodka bottle, but McCann wrested it away from her.  During the struggle, McCann punched appellant in the face on her eye, and the bottle fell to the ground and broke.  Appellant picked up the top of the broken bottle and raised her hand over her head as she approached McCann.  But before she could do anything, someone grabbed her and removed the glass from her hand.  Appellant suffered a black eye from McCann's punch, which took 10 months to heal.

## DISCUSSION

Based on our examination of the entire record we are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

---

LUI, P.J.          ASHMANN-GERST, J.          HOFFSTADT, J.

3